# WINGET, SPADAFORA & SCHWARTZBERG, LLP

CONNECTICUT OFFICE:
177 BROAD ST., 5TH FL.
STAMFORD, CONNECTICUT 06901
(203) 328-1200
FACSIMILE: (203) 328-1212

45 BROADWAY, 19TH FLOOR
NEW YORK, NEW YORK 10006
TELEPHONE (212) 221-6900
FACSIMILE (212) 221-6989

NEW JERSEY OFFICE:
ONE GATEWAY CENTER, 26TH FL
NEWARK, NEW JERSEY 07102
(973) 622-8144
FACSIMILE (973) 622-3423

June 13, 2007

**VIA ECF & OVERNIGHT MAIL**
Hon. Mark D. Fox
United States Magistrate Judge
U.S. District Court for the Southern District of New York
United States Courthouse
300 Quarropas St., Room 434
White Plains, NY 10601

Re:   Matter:   Linda O'Sullivan f/k/a Linda Boese v. Ramapo Practice Management, LLC
      Venue:    United States District Court, Southern District of New York
      Case No.: Case No. 7:07-cv-03456-UA-(MDF)
      Our File No.: 03001.06524

Dear Justice Fox:

My firm represents the defendant Ramapo Practice Management, LLC ("Ramapo") in the above captioned matter. Pursuant to your honor's individual rules of practice, this letter serves as a request for a pre-motion conference in anticipation of Ramapo's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Ramapo seeks dismissal of the Counts I and II of the plaintiff's complaint, which appear to be precluded under the doctrines collateral estoppel and res judicata. This request is prompted by a recent order from the New York State Supreme Court that upheld a finding of no probable cause from the New York State Division of Human Rights ("NYDHR"). The finding was issued following proceedings before the NYDHR involving causes of action which form Counts I and II of the plaintiff's complaint, i.e. plaintiff was subject to a hostile work environment and wrongfully terminated in violation of 42 U.S.C. 42 § 12101 et seq. Pursuant to a Stipulation and Order signed by your honor on May 18, 2007 Ramapo has until June 28, 2007 to appear, answer, or otherwise respond to plaintiff's complaint, and therefore Ramapo requests that the pre-motion conference take place as soon as possible. Ramapo submits this request now since it received the aforementioned order only 48 hours ago.

### Prior Proceedings Before NYDHR and New York Supreme Court

On March 3, 2005 plaintiff filed a verified complaint before the NYDHR alleging discrimination under New York State and Federal Law. Plaintiff alleged that she had been subject to what amounted to a hostile work environment and was subsequently discharged from her position with Ramapo on account of an alleged disability. According to plaintiff, these events constituted a violation of Article 15 of the New York Executive Law and 42 U.S.C. 42 §

Hon. Mark D. Fox
June 13, 2007
Page 2

12101 et seq., i.e. the Americans with Disabilities Act ("ADA"). Ramapo filed a response to the verified complaint on March 31, 2005 in which it demonstrated that reasonable accommodations were made for the plaintiff's alleged disability and that plaintiff was discharged due to her poor job performance rather than her disability. Plaintiff filed an initial reply on June 6, 2005 and a supplemental reply on February 24, 2006. Pursuant its rules, the NYDHR held an investigatory conference on March 1, 2006 during which plaintiff and several representatives of Ramapo presented evidence and gave testimony. Following this investigation and a further review of the record, the NYDHR issued a finding of no probable cause on December 22, 2006. On February 15, 2006 plaintiff appealed the decision to the New York State Supreme Court pursuant to §7801 et seq. of the New York Civil Practice Laws and Rules ("Article 78"), by filing an order to show cause and verified petition. The verified petition requested that the Court remand the matter back to the NYDHR for a full hearing because the prior finding had been arbitrary and capricious. The verified petition also contained many of the same facts and allegations set forth in the complaint filed in this matter. Ramapo and the NYDHR, who were the named respondents in the action, each filed an answer. On June 4, 2007 the Supreme Court upheld the ruling of the NYDHR, finding that Ramapo made reasonable accommodations for plaintiff's alleged disability but that plaintiff's job performance admittedly suffered due to family problems. In reaching its decision the Court reviewed the entire record from the NYDHR investigation.

## Applicable Law

The doctrines of collateral estoppel and/or res judicata bar a party from litigating claims and/or issues that were previously determined in another forum. Henik, et al., v. Labranche & Co., Inc., et al., 433 F.Supp. 2d 372, 378 (S.D.N.Y. 2006). Collateral estoppel serves to bar the adjudication of issues previously litigated where: (1) the issue(s) in both the prior and current proceedings are identical; (2) the issue(s) in the prior proceeding were actually litigated and decided; (3) there was a full and fair opportunity for litigation in the prior proceedings; and (4) the issue(s) previously litigated was necessary to support a final judgment on the merits. Henik, 433 F.Supp. 2d at 378. Res judicata bars litigation of any claim for relief that was available in a prior suit between the parties regardless as to whether the claim was actually litigated. Henik, 433 F.Supp. 2d at 377, 378. A party asserting res judicata must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims in the subsequent action were or could have been raised in the prior action. Henik, 433 F.Supp. 2d at 378.

A state agency proceeding that is subject to judicial review, such as the proceeding before the NYDHR, has been recognized as a full and fair adjudication on the merits that can give rise to collateral estoppel and/or res judicata. Kremer v. Chemical Construction Corp., 456 U.S. 461, 481, 482, 483, 484, 485 (1982). The NYDHR, with its "panoply of procedures, complemented by administrative as well as judicial review" has been singled out specifically as an administrative body whose rulings may give rise to collateral estoppel and/or res judicata in a federal case. Kremer, 456 U.S. at 484, 485. A New York State administrative decision upheld in an Article 78 proceeding before a New York State Supreme Court has also been found to be sufficient grounds for collateral estoppel and res judicata. LaFleur v. Whitman, 300 F.3d 256 (2d. Cir. 2002).

Hon. Mark D. Fox
June 13, 2007
Page 3

## Relation of Facts to Applicable Law

     Based upon the above law, Ramapo should be afforded the opportunity to file a motion to dismiss pursuant to the doctrines of collateral estoppel and res judicata. Foremost, it appears that all elements necessary for a estoppel claim are present. The issues that were presented in the NYDHR pleadings and Article 78-related pleadings are the same as those contained Counts I and II; mainly that Ramapo allegedly created a hostile work environment for the plaintiff, in violation of the ADA, and that plaintiff was wrongfully discharged because of her disability, in violation of the ADA. Further, it appears that the issues in the prior proceeding were actually litigated and decided. Both the plaintiff and Ramapo submitted pleadings to and gave testimony in front of the NYDHR following which there was a finding of no probable cause. The parties then submitted additional pleadings containing the same facts and allegations to the New York Supreme Court, which upheld the NYDHR ruling. In reaching its decision the Court also reviewed the entire record from the NYDHR proceeding. Therefore, the parties have presented and litigated the issues presented in Counts I and II of the complaint in front of two judicial bodies, both of whom ruled against the plaintiff. Plaintiff was also given a full and fair opportunity to litigate her claims since she first presented her case in full to the NYDHR and then had the NYDHR proceeding reviewed in full by the New York Supreme Court. In fact, plaintiff has essentially litigated her case in full not once but twice before two separate and competent adjudicative bodies, to no avail. Finally, because hostile work environment and wrongful discharge made up the substance of the plaintiff's claims before the NYDHR and Supreme Court, these issues were obviously necessary to support a valid final judgment.

     Ramapo can also make a cogent argument regarding res judicata. Foremost, as noted above, the law recognizes that the prior state proceedings in this matter represent an adjudication on the merits for the purposes of re judicata. Further, the same parties, plaintiff and Ramapo, were parties to the NYDHR proceeding, the Article 78 proceeding and the current case. Finally, the plaintiff's claims regarding hostile work environment and wrongful termination were presented in detail during the NYDHR investigation and were then repeated in detail during the Article 78 proceeding.

     Ramapo reiterates its request for a pre-motion conference regarding a potential motion to dismiss Counts I and II of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Ramapo feels such a motion is warranted under the doctrines of res judicata and collateral estoppel. Due to the pendancy of its potential motion Ramapo once again requests that the conference be held as soon as possible. Thank you.

                                        Very truly yours,

                                        Michael Adler
                                        (MA 5498)

cc:     Vanessa R. Elliott, Esq. (Via ECF and Overnight Mail)